UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Petitioner,<br>　　vs.<br>MICHAEL J. PETTY,<br><br>　　　　　　　　Respondent. | Case No.: 12cv2248-BTM-WMC<br><br>ORDER PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS |

　　　The Government has petitioned the Court for an order enforcing an Internal Revenue Service ("IRS") Summons issued to Michael J. Petty ("Respondent"). On September 13, 2012, the Court issued an order to show cause why the IRS summons should not be judicially enforced. On October 12, 2012, the IRS served a copy of the order to show cause on Respondent. Respondent did not file a written response.

　　　A hearing was held on the Government's petition on November 9, 2012. The IRS was represented by Assistant United States Attorney Rosa Catania. Respondent did not appear. For the reasons explained herein, the Government's Petition to Enforce the summons is granted.

////
////
////
////
////
////

1

## BACKGROUND

The IRS is conducting an investigation regarding Respondent's ability to pay assessed income tax liabilities for numerous quarterly tax periods in 2003, 2004, 2008, 2009, 2010, and 2011. [Declaration of Revenue Office Nelli Ayrapetyan in Support of Petition ("Ayrapetyan Decl."), ¶¶ 2-3.] The IRS is also conducting an investigation regarding Respondent's failure to file personal income tax returns for the 2007, 2008, 2009, 2010, and 2011 tax years. On May 3, 2012, in furtherance of the above investigation, Nelli Ayrapetyan, a Revenue Officer employed by the IRS, issued two IRS summonses to Respondent. [Id. at ¶ 3; Exs. A-B.] On May 4, 2012, the IRS served a copy of the summons on Respondent by leaving a copy at his last and usual abode. [Id. at ¶ 4; Exs. C-D.]

The summons required Respondent to appear before the IRS on May 31, 2012 in order to give testimony and produce for examination documents and records specified in the summonses. [Id. at ¶¶ 3,5.] On May 31, 2012, Respondent did not appear or otherwise provide documents and information requested by the summonses. [Id. at ¶ 6.] The IRS provided Respondent another opportunity to comply with the summonses and directed him to appear on June 26, 2012. [Id. at ¶ 7; Ex. E.] Respondent failed to appear on June 26, 2012, and did not provide any of the summonsed information. [Id. at ¶ 8.] To date, Respondent has not provided the documents and testimony requested by the summons. [Id. at ¶ 12.] The books, records, papers, and other data sought by the summons are not already in the possession of the IRS. [Id. at ¶ 13.]

On September 14, 2012, the Government petitioned the Court to enforce the issued summons. On October 2, 2012, the Court ordered Respondent to appear on November 9, 2012 to show cause why he should not be compelled to comply with the summonses. The IRS served the order to show cause on Respondent on October 12, 2012, and filed proof of service with the Court on October 17, 2012. The proof of service stated that Revenue Officer Jimmy Greene served the documents on Respondent by leaving copies with the individual who answered the door at Respondent's last and usual place of abode. [Declaration of Jimmy Greene, Docket No. 3.] The individual identified himself as Alex Biscanizes, Respondent's nephew. [Id.] Officer Greene's declaration stated that Mr. Biscanizes was a person over 16 years of age. [Id.] However, Officer Greene has since amended his declaration to reflect the fact that Mr. Biscanizes was in fact a person over 18 years of age and resided at the address. [Amended

Declaration of Jimmy Greene, Docket No. 5.] Accordingly, the IRS has demonstrated that it properly served the documents in accordance with Fed. R. Civ. P. 4(e)(2)(b) by leaving the documents at Respondent's last and usual place of abode with someone of suitable age and discretion who resides at the residence. Fed. R. Civ. P. 4 (e)(2).

Respondent did not file any written opposition to the Government's petition. On November 9, 2012, the Court held a hearing on the petition. Respondent did not appear.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue. . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction by the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120. Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized respondent's burden as a heavy one. Id.

The Government's petition and Revenue Officer Ayrapetyan's supporting declaration satisfies all four elements of the Powell standard. First, the IRS is conducting an investigation regarding Respondent's ability to pay assessed income tax liabilities for quarterly tax periods in 2003, 2004, 2008, 2009, 2010, and 2011. [Ayrapetyan Decl., ¶¶ 2, 3.] The IRS is also conducting an investigation

regarding Respondent's failure to file personal income tax returns for the 2007, 2008, 2009, 2010, and 2011 tax years. [Id.] Such investigations are expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code explicitly allows the issuance of summonses for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a). Thus, the summonses were issued for a legitimate purpose. Second, Revenue Officer Ayrapetyan declared in her affidavit that the information requested in the summonses is relevant to the IRS's determination of Respondent's ability to pay income tax liabilities assessed against him and to secure Respondent's assessed income tax liability. [Id. at ¶ 15.] Third, the IRS does not already possess the papers, records, and other data sought by the summonses. [Id. ¶ 13.] Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summonses. [Id. at ¶ 14.] Thus, the Government has made prima facie showing that it is entitled to judicial enforcement of the summonses.

## CONCLUSION

For the reasons set forth herein, the Government's Petition to Enforce the IRS summons is GRANTED. Respondent, Michael J. Petty, is directed to appear before IRS Revenue Officer Nelli Ayrapetyan or her designee, on January 3, 2013, at 10:00 a.m., at the offices of the Internal Revenue Service located at 880 Front Street, Suite 3295 San Diego, California, and to produce the documents and give testimony as directed in the summons. The United States shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the United States, or as soon thereafter as possible. Proof of such service shall be filed with the Clerk of Court as soon as practicable.

Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.

**IT IS SO ORDERED.**

DATED: November 23, 2012

BARRY T. MOSKOWITZ, Chief Judge
United States District Court